IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**IVORY LEE ROBINSON,**

    **Petitioner,**
**v.**                                      **Case No. 1:18cv020-MW/CAS**

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections,**

    **Respondent.**
    _____/

## REPORT AND RECOMMENDATION TO DISMISS HABEAS CORPUS PETITION

On January 29, 2018, Petitioner Ivory Lee Robinson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2254. ECF No. 1. Petitioner challenges his conviction and sentence entered in case number 01-2002-CF-002039-A by the Eighth Judicial Circuit, Alachua County, Florida, following a jury trial in 2003. *Id*. at 1-2.

On November 14, 2018, Respondent filed a motion to dismiss the habeas petition, with exhibits.[1] ECF No. 16. Respondent argues the petition is successive and unauthorized, explaining that Petitioner

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 16.

previously challenged the same judgment in a § 2224 petition considered and denied on the merits in <u>Robinson v. McDonough</u>, 1:06cv061-MP/AK, and Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition. *Id*. Respondent points out that Robinson subsequently filed another federal habeas petition challenging the same conviction and the Court dismissed it as an unauthorized successive petition. *Id*. at 7; *see* <u>Robinson v. Buss</u>, 1:11cv043-MP/GRJ (N.D. Fla. 2011). Respondent also explains the state court entered a corrected judgment in Robinson's case on January 26, 2015, nunc pro tunc August 1, 2003, to reflect the degree of the crime in Count 1 as a first degree felony rather than a life felony; however, this correction did not result in a "new judgment" for purposes of avoiding the restriction on successive habeas petitions. *Id*. at 9, 14-15.

    Petitioner has filed a reply. ECF No. 17. He argues that exceptional circumstances exist here because he was convicted of a crime not charged by indictment or information and he has an "enhanced sentence" that is illegal, which argues can be challenged at any time. *Id*. at 1-2.

    The matter was referred to the undersigned magistrate judge for

issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.   See Rule 8(a), R. Gov. § 2254 Cases.   The pleadings and attachments before the Court show that the petition is successive and unauthorized, and should be dismissed.   See Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Analysis

Petitioner has not shown a jurisdictional basis for this habeas action. When a state prisoner is "in custody pursuant to the judgment of a State court," a petition for writ of habeas corpus is governed by both § 2241 and the restrictions set forth in § 2254.   Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003).

Petitioner challenges his confinement pursuant to the same state court judgment that he challenged in his prior federal habeas petition. Thus, the instant petition is "second or successive," for purposes of section

2244(b)(3)(A).   This Court does not have jurisdiction to consider a second or successive petition unless the Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition).

As Respondent indicates in the motion to dismiss, the state trial court corrected Petitioner's judgment by order on January 26, 2015, nunc pro tunc August 1, 2003, to reflect that Petitioner was found guilty of a first degree felony, rather than a life felony, correcting a scrivener's error.   *See* Ex. L10.   Petitioner was not resentenced and the correction did not affect any conditions of the judgment or the sentence imposed in 2003. *Compare id*. *with* Ex. A at 135.   *See, e.g.*, Young v. Tucker, No. 3:11cv251-MCR/EMT, 2012 WL 1605893, at *3 n.2 (N.D. Fla. Mar. 20, 2012) (collecting cases, noting that correction of scrivener's error on petitioner's judgment and sentence did not restart one-year AEDPA limitations period, and explaining: "In the instant case, however, Petitioner was not resentenced.   The change in the written judgment was merely clerical – it only corrected what was essentially a scrivener's error, that is,

an incorrect notation that Count Two was a first degree felony instead of a life felony. Petitioner's sentence remained unchanged."). *Cf*. <u>Magwood v. Patterson</u>, 561 U.S. 320 (2010) (holding that § 2254 petition filed after resentencing was not barrred as second or successive, where first § 2254 petition resulted in resentencing hearing and new judgment: "This is Magwood's first application challenging that intervening judgment. The errors he alleges are new."). *See also, e.g.*, <u>Bishop v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:13cv118-MCR/EMT, 2013 WL 5596776, at *3-4 (N.D. Fla. Oct. 11, 2013) (concluding that corrected judgment "was simply a re-recorded version of the 2006 original judgment after the clerk corrected the scrivener's error" and "was not a new intervening judgment under <u>Magwood</u>" where "[u]nlike <u>Magwood</u>, the corrected judgment in this case was not entered as a result of a resentencing; indeed Petitioner's convictions and sentences as to both counts remained unchanged," explaining that "[n]either the Supreme Court nor the Eleventh Circuit has squarely addressed whether correction of a clerical error in a judgment constitutes a 'new' judgment under <u>Magwood</u>" and "[o]ther courts which have addressed this narrow issue appear to have uniformly held that when a court corrects a clerical error in a criminal judgment, the AEDPA's one-

year limitations period does not begin anew when the court corrects the clerical error"); Therefore, this federal habeas petition challenging the judgment Alachua County Circuit Court Case 01-2002-CF-002039-A is successive and should be dismissed.

## Conclusion

For the reasons stated above, this petition is an unauthorized second or successive petition. Therefore, this Court does not have jurisdiction to consider it and it should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).

Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 16) be **GRANTED**, the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 20, 2018.

        <u>S/ Charles A. Stampelos</u>
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**